**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-00466-MSK

IN RE:

JOSEPH T. OLTMANN,

C-BALL VENTURES, LLC, d/b/a Dealers Auto Auction of the Rockies, LLC;

    Plaintiff/Appellee,

v.

JOSEPH T. OLTMANN,

    Defendant/Appellant.

## OPINION AND ORDER ON APPEAL

**THIS MATTER** is before the Court on appeal from the February 6, 2014 Order and Judgment of the U.S. Bankruptcy Court for the District of Colorado in favor of the Plaintiff/Appellee C-Ball Ventures, LLC, d/b/a Dealers Auto Auction of the Rockies, LLC ("DAAR") determining that a judgment debt owed by Joseph T. Oltmann to DAAR is excepted from discharge under 11 U.S.C. § 523(a)(6). In reviewing this matter, the Court has considered the designated record and written arguments of the parties, including the Mr. Oltmann's Opening Brief **(#14)** and DAAR's Response Brief **(#16)**.

Exercising jurisdiction pursuant to 28 U.S.C. § 158, the Court **AFFIRMS** the judgment in favor of DAAR.

## I.  BACKGROUND

The debt at issue is reflected in a 2007 judgment entered by the Adams County Court in favor of DAAR and against Mr. Oltmann.  In that case, the county court determined that Mr. Oltmann was liable to DAAR for civil theft and conversion and entered judgment against Mr. Oltmann in the amount of $45,755.22.[1]  Mr. Oltmann attempted to appeal the judgment, but his appeal was ultimately dismissed.

Later, Mr. Oltmann filed for bankruptcy protection under Chapter 7.  *In re Oltmann*, Bankruptcy Case No. 07-19844-HRT.  DAAR initiated an adversary proceeding against Mr. Oltmann, contending that the judgment debt is non-dischargeable under 11 U.S.C. § 523(a)(6).  In the adversary proceeding,  DAAR moved for summary judgment, arguing that the county court judgment had preclusive effect with regard to determination of the dischargeability under § 523(a)(6).  The bankruptcy court granted DAAR's motion and entered a declaratory judgment determining the debt to be excepted from discharge.

Mr. Oltmann appeals from the bankruptcy court's judgment of non-dischargeability.  Despite Mr. Oltmann's lengthy recitation of issues presented on appeal, many of which relate to the underlying county court case, there is actually only one issue to be decided — did the bankruptcy court err in granting summary judgment in favor of DAAR and against Mr. Oltmann?

## II.  MATERIAL FACTS

The facts material to this case are either undisputed, or were determined by the county court following a bench trial.

---

[1] At various points in their briefing, both parties state that the judgment was for $48,225.00. However, each of the exhibits on summary judgments reflects that the total judgment was in the amount of $45,755.22. The Court therefore presumes that the references to $48,225 are transcription errors.

DAAR is in the business of selling vehicles at auction. Sometime in 2003, Mr. Oltmann, doing business through his company Auto Millennium, LLC, attended an auction at DAAR's facility and was the winning bidder for a Toyota Corolla. The bid was for $5,275.00. Approximately two weeks later, DAAR informed Mr. Oltmann that the title to the Corolla was ready to be delivered, along with three other titles. Although Mr. Oltmann took three checks to the auction facility, he walked away with four titles. Immediately thereafter, DAAR contacted Mr. Oltmann demanding payment or return of the vehicle and title. Mr. Oltmann refused, claiming that he had paid cash for the vehicle.

DAAR brought suit against Mr. Oltmann and his business entity, Auto Millennium, LLC, asserting claims for civil theft and conversion. DAAR alleged that Mr. Oltmann unlawfully took title to and possession of the Toyota without paying for it. It further alleged that despite demands for payment, Mr. Oltmann refused to return the Toyota or produce proof of payment.

Following a bench trial, the county court found in favor of DAAR on both claims. The county court rejected Mr. Oltmann's claim that he had paid for the car with cash because he could not produce proof of payment. The court found that Mr. Oltmann obtained the title to the Corolla either by accident or surreptitiously, but in either case, did not pay for the car. The court further concluded that by retaining possession of the vehicle and title without tendering payment after demand was made by DAAR, constituted civil theft. The county court awarded treble damages and attorney fees pursuant to Colorado's civil theft statute, Colo. Rev. Stat. § 18-4-405.[2] The total judgment entered was in the amount of $45,755.22.

---

[2] The application of treble damages was capped at $15,000, the jurisdictional limit of the county court. The county court then awarded attorney fees and costs totaling $30,755.22.

### III.  STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling.  28 U.S.C. § 158(a); Fed. R. Bankr. P. 8013.  A bankruptcy court's entry of summary judgment barring claims under the doctrine of collateral estoppel is reviewed *de novo*, viewing the record in the light most favorable to the nonmoving party and drawing all inference in that party's favor.  *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1197 (10th Cir. 2000); *In re Amdura Corp.*, 167 B.R. 640 (D.Colo. 1994).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c) (applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056); *see also In re M & L Bus. Mack. Co., Onc.*, 194 B.R. 496, 500 (D.Colo. 1996).

### IV.  DISCUSSION

Mr. Oltmann contends that the bankruptcy court erred in granting summary judgment because the doctrine of collateral estoppel does not apply to the county court judgment.  Specifically, he argues that (1) the issues in the county court case and the adversary proceeding before the bankruptcy court were not identical (that is, that the county court did not make a finding that he "willfully and maliciously" injured DAAR), and (2) a finding of "willful and malicious" injury cannot be considered a necessary component of the county court's findings and conclusions.  There is no dispute that the county court did not expressly use the words "willfully and maliciously" in making its findings or in the text of the judgment.  Thus the question is

whether the standard of intent applied by the county court is the same as that required for application of 11 U.S.C. § 523(a)(6) by the bankruptcy court. This is a question of law.

Bankruptcy courts retain exclusive jurisdiction to determine whether a debt is excepted from discharge under 11 U.S.C. § 523(a), but the doctrine of collateral estoppel can bar re-litigation of factual issues resolved in conjunction with a prior judgment. *See In re Wallace*, 840 F.2d 762, 764 (10th Cir. 1988). When a federal court considers the collateral estoppel effect of a prior state court judgment, the full faith and credit provision of 28 U.S.C. §1738 requires the federal court to give the state court judgment the same preclusive effect as the state rendering the judgment would give. *See Bolling v. City and Cnty. of Denver*, 790 F.2d 67, 68 (10th Cir. 1986).

Because this appeal arises out of a judgment of a Colorado county court, Colorado law determines the preclusive effect of the state judgment. Under Colorado law, the doctrine of collateral estoppel bars re-litigation of an issue if: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits of the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999).

It is undisputed that elements (2), (3), and (4) are satisfied here — the parties are the same as in the county court case; the county court judgment is a final judgment on the merits; and Mr. Oltmann had a full and fair opportunity to litigate the issues in the county court proceeding. The only dispute as to the application of collateral estoppel is with regard to the first element — whether the issues before the county court were the same as before the bankruptcy court.

The issue presented to the bankruptcy court was whether Mr. Oltman's judgment debt arose from a willful and malicious injury to DAAR, which would make the debt non-dischargeable pursuant to Section 523(a)(6).  In *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the Supreme Court held that § 523(a)(6) excepts from discharge only those debts resulting from "acts done with the actual intent to cause injury." *Id.* at 61.  Thus, a debt is non-dischargeable under § 523(a)(6) if there is proof that the debtor intended the resulting injury or that the debtor believed his actions were substantially certain to cause injury. *Mitsubishi Motors Credit of Am., Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (B.A.P. 10th Cir. 1999); *see also Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004).

The legal issue before the county court was whether Mr. Oltmann was liable to DAAR for civil theft under Colorado's civil theft statute, Colo. Rev. Stat. § 18-4-405.  A necessary predicate to entry of a judgment for civil theft is a finding that a defendant has committed criminal theft. *Itin v. Unger*, 17 P.3d 129, 134 (Colo. 2000).  To commit criminal theft in Colorado a person must knowingly obtain, retain, or exercise control over something of value of another without authorization or by threat or deception and must intend to deprive the other person permanently of the use or benefit of the thing.  C.R.S. § 18-4-401.  The crime of theft requires a showing that the alleged perpetrator acted knowingly and with specific intent. *See Starr v. Industrial Claim Appeals Office*, 224 P.3d 1056.  The Colorado Criminal Code defines *knowingly* as follows:

> A person acts "knowingly" or "willfully" with respect to conduct or to a circumstances described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.  A person acts "knowingly" or "willfully", with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result.

C.R.S. § 18-1-501(6).

By application of Colorado law, to enter a judgment based on civil theft, the county court necessarily found that Mr. Oltmann knowingly obtained and retained the Toyota without authorization or by threat or deception, and that he intended to permanently deprive DAAR of the car or its value.  In doing so, the county court implicitly found that Mr. Oltmann acted willfully and maliciously.  This Court agrees with the bankruptcy court that conduct constituting civil theft falls within § 523(a)(6).  Indeed, in *Geiger*, the Supreme Court equated the standard of intent necessary to prove willfulness under § 523(a)(6) with the standard of intent that is required to prove liability for an intentional tort.  *Geiger*, 523 U.S. at 977.  Such standard requires that "the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it."  Restatement (Second) of Torts § 8A (1965).

Mr. Oltmann contends that the county court did not expressly state that he acted willfully and maliciously, but instead found that he acted *either* intentionally *or* negligently in taking the title to the vehicle.  That is correct.  But it was not the original receipt of the title to the Toyota that gave rise to the county court's determination.  It was, instead, Mr. Oltmann's retention of the vehicle and its title after DAAR's demand that constituted the theft.

Mr. Oltmann further argues that not only was there no express finding of willful and malicious injury, such issue was not necessarily adjudicated.  Again, the Court disagrees.  An issue is "necessarily adjudicated" when a determination of that issue was necessary to a judgment.  *Bebo*, 990 P.2d at 85.  As discussed above, liability for civil theft requires proof that an individual acted knowingly and with specific intent to deprive another of the use and benefit of their property.  Because the county court found Mr. Oltmann liable for civil theft, its findings necessarily included the finding that Mr. Oltmann acted knowingly and with specific intent to injury DAAR by permanently depriving it of the use and benefit of its property.

## V. CONCLUSION

For the forgoing reasons, the Court **AFFIRMS** the bankruptcy court's February 6, 2014 Order and Judgment granting summary judgment in favor of the Plaintiff C-Ball Ventures, LLC, d/b/a Dealers Auto Auction of the Rockies, LLC and against the Defendant Joseph T. Oltmann.

Dated this 6th day of November, 2014.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge